Muse, Christopher J., J.
Plaintiffs, parties in interest and abutters, brought this action pursuant to G.L.c. 40B, §21 and the procedures of G.L.c. 40A, §17 against defendants seeking to annul a decision by the Board of Appeals of Lexington (“the Board”) granting a comprehensive permit under G.L.c. 40B, §§20-23 to build 28 residential housing units (“the Project”) off Lowell Street in Lexington. Plaintiffs assert inter alia that because the Project has a non-conforming density under the zoning by-laws, the Board should not have granted the comprehensive permit to the defendant-developers, Rising Tide, LLC and RTD Greenhouse, LLC. Defendants subsequently filed a Motion for Summary Judgment pursuant to Mass.R.Civ.P. 56. For the following reasons, defendants’ Motion for Summary Judgment is ALLOWED.

BACKGROUND

The following is a brief synopsis of the undisputed facts presented to the court in the summary judgment record.
On January 31, 2002, RTD Greenhouse, LLC for Rising Tide Development, LLC (collectively the “applicants” or “developers”) filed an application with the Lexington Board of Appeals for a comprehensive permit pursuant to G.L.c. 40B, §§20-23 for the construction of 48 residential housing units on a 3.6-acre parcel of land at 536-540 Lowell Street, Lexington (“the Project”). The applicants included evidence that the Project would be funded pursuant to the New England Fund housing program. The Board sent notice of the application to other local boards for their recommendations and input.
On or about July 31, 2002, the applicants submitted a revised application for a comprehensive permit for 36 condominium units to be constructed in 9 buildings in lieu of the 48 residential housing units as an amendment to the original application and pursuant to the Housing Starts Program of the MassHousing Starts Program. The Board then sent notice of the revised application to local boards for recommendations and input, thereby replacing the original application for the 48 residential housing units. Notice of the public hearing on the application was duly posted at the town hall and sent by mail to all parties in interest, owners of the land within 600 feet of the property lines of the subject property, the Lexington Planning Board, and other town agencies.
After a series of hearings, which occurred between March 14, 2002 through December 12, 2002, the Board granted the comprehensive permit with conditions to Rising Tide on January 23, 2003. For purposes of this motion, the most notable condition imposed on defendants was a reduction in the amount of requested units from 36 to 28 condominiums, and that 8 units be affordable. As a result, the developers appealed the Board’s decision to the Housing Appeals Committee (“HAC”) pursuant to G.L.c. 40B, §22. Simultaneously, the plaintiffs appealed the Board’s decision to this court pursuant to G.L.c. 40A, §17.
Pursuant to G.L.c. 40B, §22, the HAC conducted a de novo review of the Board’s decision. See Bd. of Appeals of Hanover v. Housing Appeals Comm., 363 Mass. 339, 371 (1973). The HAC also allowed the plaintiffs to participate as amici in the proceedings as proposed interveners. On June 14, 2005, the HAC issued an approval of the application with conditions, including an increase in the number of units from 28 *265 to 36, with 9 units dedicated to affordable housing. Plaintiffs have since appealed the HAC’s decision pursuant to G.L.c. 30A, §14, which is currently pending in Suffolk County.
The court now examines very narrowly on summary judgment whether the plaintiffs’ appeal of the Board’s decision under G.L.c. 40A, §17 is moot in light of the HAC’s decision under G.L.c. 40B, §23. Despite parallel tracks for appeals under G.L. chapters 40A and 40B for the plaintiffs and defendants respectively, the court concludes plaintiffs’ appeal is moot in its practical application under the regional planning laws for the reasons set forth below. Therefore, defendants’ motion for summary judgment on this issue is ALLOWED.

DISCUSSION

Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.RCiv.P. 56(c); Cassesso V. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17(1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

Background of G.L.c. 40B

This case involves a very complex statute-driven area of the law. As such, a brief overview of G.L.c. 40B is appropriate. When an applicant applies for a comprehensive permit to build low and moderate income housing under G.L.c. 40B, a town has three available options. G.L.c. 40B, §§21-22. The town may approve the permit entirely, deny the permit, or approve the permit with conditions. Id. If the town denies a permit or approves the project with conditions that made the project uneconomic, the applicant has the right to appeal the town’s decision to the HAC. G.L.c. 40B, §22. In the case of a denial, the HAC reviews whether “the decision of the board of appeals was reasonable and consistent with local needs.” Id. When a town denies a 40B permit, the town bears the burden of proving that its decision was proper. Id.; 760 Code Mass. Regs. §31.06(6) (2003). If the town cannot meet its burden, the HAC will vacate the town’s decision and order the town to issue the permit.
When a town approves a permit with conditions, the HAC’s review is restricted to whether the conditions make the project uneconomic and whether the conditions are consistent with local needs. G.L.c. 40B, §23. The applicant/developer bears the initial burden of proving that the conditions make the project uneconomic. Id.; 760 Code Mass. Regs. §31.06(3). The statute, however, does not expressly provide for how the HAC proceeds if the applicant fails to meet its burden.
In the case of a denial, the HAC must determine whether the town’s decision “was unreasonable and not consistent with local needs.” G.L.c. 40B, §23. If the town’s decision was unreasonable and not consistent with local needs, the HAC will vacate the town’s decision and order the town to issue a permit to the developer. Id. The burden in the event of a denial falls on the town to prove “first, that there is a valid health, safety, environmental, design, open space, or other local concern which support such denial, and then, that such concern outweighs the regional housing need.” 760 Code Mass. Regs. §31.06(6).
Finally, after the HAC makes its determination to either approve the permit entirely, deny the permit, or approve the permit with conditions the statute mandates that the board of appeals carry out the order of the HAC within thirty days of its entry, and that “upon failure to do so, the order of said committee shall... be deemed to be the action of said board.” G.L.c. 40B, §23.

ANALYSIS

Plaintiffs argue that the legislature intended to keep appeals under G.L. chapters 40A and 40B separate thereby allowing “persons aggrieved” to challenge zoning decisions of the Board within the constructs of 40A to the superior court, while “applicants” attempting to construct housing for low and moderate income families may challenge Board decisions under 40B to the HAC. See G.L.c. 40A, §17; 40B, §22. Thus, plaintiffs assert that the legislature never intended the two provisions to converge, but rather the provisions remain on separate parallel paths.
40A appeals for persons aggrieved by zoning board decisions are reviewed by the superior court de novo. See G.L.c. 40A, §17; 39 Joy Street Condominium Ass’n. v. Bd. of Appeal of Boston, 426 Mass. 485, 488 (1998) (in reviewing board’s decision to grant a variance, trial court hears the matter de novo and determines the legal validity of board’s decision upon facts found by court); Davis v. Zoning Bd. of Chatham, 52 Mass.App.Ct. 349, 355 (2001) (while appeal of zoning board’s decision is based on de novo review, the review is circumscribed and the decision cannot be disturbed unless it is unreasonable, whimsical, capricious, arbitrary or based on a legally untenable ground). Similarly, developers appealing zoning board decisions to the HAC under 40B are also entitled to a de novo hearing. Bd. of Appeals of Hanover v. Housing Appeals Comm., 363 Mass. 339, 371 (1973). Because the level of review is the same in both appeals tracks, neither appellant under 40A or 40B is given greater procedural due process rights than the other. Rather, both 40A and 40B appellants are treated equally with the same de novo standard of renew.
*266 However, plaintiffs argue that if this court finds that their 40A appeal is mooted by the HAC’s decision under 40B, they will face a significantly higher burden of proving their case before a judge in an appeal under G.L.c. 30A, §14. Plaintiffs assume they will suffer prejudice if 40B swallows 40A in this case because they will not have the benefit of a de novo review in a 30A hearing as they would under a 40A hearing. Instead, judicial review under 30A is limited to the administrative record with great deference given to the agency. G.L.c. 30A, § 14. See Tarin v. Commr. of the Div. of Medical Assistance, 424 Mass. 743, 750 (1997) (appellate court is limited to determination whether agency action is arbitrary, capricious, or contrary to law); Town of Brookline v. Comm. of Dept of Environmental Quality Engineering, 387 Mass. 372, 385 (1982) (when facts and issues have been argued at length in adjudicatory hearings with a reasonable supporting record at the agency, the Supreme Judicial Court gives great deference to the agency decision). Finally, plaintiffs assert that the HAC’s decisions under 40B are limited in scope and do not automatically substitute as decisions of the Board.
Conversely, defendants argue that when the HACs conducted a de novo review of the Board’s decision allowing the comprehensive permit with further conditions, which included an increase in the number of units for the Project, its decision was final for regional planning purposes. See G.L.c. 40B, §23. Moreover, because the statute also mandates that the HAC’s decision becomes that of the Board after thirty days, defendants assert that 40B effectively trumps and moots plaintiffs 40A appeal in this instance altogether. Id. The court agrees.
When the plaintiffs and developers filed simultaneous appeals of the Board’s decision granting the 28-unit Project under 40A and 40B respectively, the HAC’s decision became final as to both appeals under the plain meaning of the statute. Moreover, when plaintiffs were allowed to participate in the 40B hearing at the HAC as amici, they were given another opportunity to plead their case and present evidence de novo before the state agency responsible for making final determinations of comprehensive plans consistent with the community’s local need for affordable housing. The dispositive issue is whether or not the local need exists for such housing. Once the local need is established, the HAC’s final decision prevails.
Hence, from the plain meaning of the statute, the HAC’s final determination as to the regional planning issues under 40B thereby trumps any zoning appeals under 40A because the legislature’s intent in creating the statute was to encourage communities to develop affordable housing for low and moderate income families and to prevent exclusionary zoning. G.L.c. 40B, §§2, 23. Viewed otherwise, 40A appeals from zoning board decisions to the court could arguably always prevent the community (through the Board) from determining the overarching local need for such affordable housing, and thus lead to the exclusionary zoning for which 40B is designed to protect against. Therefore, once the HAC determines that the Board’s decision is “consistent with local needs” and “not otherwise uneconomic,” its final decision is binding for both appeals under chapters 40A and 40B. G.L.c. 40B, §23.
Plaintiffs cannot now assert as a matter of law that they have not been afforded adequate due process, or that their claims will be arbitrarily dismissed with no recourse. Rather, plaintiffs currently may only challenge the HAC’s decision with a 30A appeal whereby the court will determine whether the HAC acted arbitrarily and capriciously in approving the comprehensive permit for the construction of the 36-unit Project in Lexington.

ORDER

For the reasons stated herein, it is hereby ordered that the defendants’ Motion for Summary Judgment pursuant to Mass.R.Civ.P. 56 is ALLOWED.